**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie Ramirez, | No. CV-17-08026-PCT-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Kingman Hospital Incorporated, et al., | |
| Defendants. | |

Plaintiff Eddie Ramirez has filed a motion for reconsideration in which he argues that the Court's August 22, 2018 Order directing the Clerk of Court to place exhibits under seal was "legally incorrect."[1] (Doc. 72.) As set forth below, the Court denies the motion.

In the August 22, 2018 Order, the Court directed the Clerk of Court to place under seal Plaintiff's exhibits submitted with his Statement of Facts in Response to Motion for Summary Judgment (Doc. 68, Exhibits A-J) because the exhibits included an unredacted autopsy report of a minor. (Doc. 71.)[2] The Court also directed Plaintiff to refile his exhibits, within seven days, with the minor's name and date of birth redacted, as required by Rule 5.2(a) of the Federal Rules of Civil Procedure. (*Id*.)

---

[1] Plaintiff's motion for reconsideration does not refer to Rule 7.2(g) of the Local Rules of Practice, which governs motions for reconsideration in this Court. Rule 7.2(g) provides that the "Court will ordinarily deny a motion for reconsideration absent a showing of manifest error . . . ." LRCiv. 7.2(g)(1). The Court construes Plaintiff's argument that the Court's Order is "legally incorrect" as an argument that the order contains manifest error. .

[2] The order was signed on August 22, 2018, and docketed on August 23, 2018. (Doc. 71.)

In his motion for reconsideration, Plaintiff argues that the Court's order is incorrect because the autopsy report is a public record and therefore it was exempted from the redaction requirements of Rule 5.2(a). (Doc. 72 at 1-2.) Plaintiff argues that the redaction exemptions in Rule 5.2(b) that apply, in part, to "the record of an administrative or agency proceeding," and "the official record of a state-court proceeding" apply to the autopsy report. (*Id.* (citing Fed. R. Civ. P. 5.2(b); *Schoeneweiz v. Hammer*, 221 P.3d 48, 52 (Ariz. Ct. App. 2009) (a report of a medical examiner is a public record)).) Plaintiff's argument assumes, without any authority, that a document that is a public record should be considered "the record of an administrative proceeding" or "the official records of a state-court proceeding."

Plaintiff's argument is not supported by the plain text of Rule 5.2(b), which does not include an exemption from the redaction requirement of Rule 5.2(a) for "public records." *See* Fed. R. Civ. P. 5.2(b). Instead, the exemptions that Plaintiff relies upon in Rule 5.2(b) refer to records of "proceedings." *See* Fed. R. Civ. P. 5.2(b)(2) and (3). However, characterizing court filings as "public records" because they are prepared or kept pursuant to statute does not mean these records are part of an "administrative or agency proceeding" or "a state court proceeding." Plaintiff's argument ignores the word "proceeding" in Rule 5.2(b)(2) and (3), and apparently interprets the rule as exempting all state records or agency records from the redaction requirements. Rule 5.2(b) does not support this argument.

Furthermore, Rule 5.2(a) states that filings with the Court that contain "an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial account number" shall be redacted as described in the rule. Fed. R. Civ. P. 5.2(a). Numerous "public records" could include information that must be redacted under Rule 5.2(a), including birth certificates, death certificates, social security cards and records, and Internal Revenue Service records. Plaintiff's argument that all public records are exempt from Rule 5.2(a), if accepted, would defeat the purpose of the rule to "address privacy concerns resulting

from public access to electronic case files." Rule 5.2, Advisory Comm. Note (2007 amendments).

Plaintiff also argues that the autopsy report is "a public record, an agency proceeding, and part of a state court record" because he asserts it was disclosed as an exhibit to a disclosure statement in a state court matter without a protective order. (Doc. 72 at 2.) However, documents disclosed or produced in discovery are not necessarily filed in the state court record, and in many cases, the vast majority of such documents are not filed in the state court record. Plaintiff has not argued that the autopsy report was filed as part of the state court proceedings. Therefore, this argument also fails to establish that the autopsy report falls within the redaction exemptions in Rule 5.2(b).

Finally, Plaintiff suggests that Rule 5.2(a) may not apply to the autopsy report because the minor identified in that record is deceased. (Doc. 72 at 2-3.) To support that argument, Plaintiff cites *Martinez v. City of Avondale*, 2014 WL 880492 at *1 (D. Ariz. Mar. 6, 2014), in which the court noted that it would refer to a person by his full name in an order because he was no longer a minor. (Doc. 72 at 2-3 (citing *Martinez*, 2014 WL 880492 at *1).) However, the *Martinez* case is inapposite and does not address the application of Rule 5.2(a) to records that include identifying information about deceased persons. Plaintiff cites no other authority to support this argument, and Rule 5.2(a) does not state that such records are exempt from its redaction requirements.

For these reasons, the Court concludes that Plaintiff has not shown that the Court's August 22, 2018 error contained manifest error and denies Plaintiff's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 72) is **DENIED**.

Dated this 28th day of August, 2018.

_____
Bridget S. Bade
United States Magistrate Judge